## JAMES MOORE v. SARAH ANN MOORE.

As a general rule, the court cannot refuse a decree, if the cause of action, set forth in the petition, be sufficient in law, and the jury have found it to be true; but this rule is not applicable to suits for divorce.

It is the duty of the court to watch over proceedings for divorce with the strictest scrutiny, and to interpose, if necessary, to prevent abuse of the delicate and responsible power confided to it, of dissolving the marriage contract.

There must be "full and satisfactory evidence," and the verdict of a jury, before the court can proceed to decree a divorce: it is to the mind of the court, that the statute intends the testimony shall be "full and satisfactory;" and unless it be so, it is the duty of the court to set the verdict aside, and refuse the decree.

In decreeing a divorce, the judge does not proceed, as in other cases, upon the verdict of the jury, but upon his own judgment, after the jury, by their verdict, have affirmed the truth of the material allegations of the petition.

In the absence of a statement of facts, the judgment of the court, refusing to grant a divorce, and dismissing the petition, must be presumed to be correct; although the jury, by their verdict, found "the material allegations of the petition to be true."

After hearing the evidence, in a suit for divorce, if it be not satisfactory to the court, the correct practice seems to be, to dismiss the petition without prejudice. And this is said to be the effect of a judgment setting aside the verdict, "and that the plaintiff take nothing by his suit; and that the defendant go hence, and have and recover all costs;" although the defendant had appeared, and filed a general denial to the plaintiff's petition.

APPEAL from Dallas. Tried below before the Hon. Nat. M. Burford.

Suit by appellant for a divorce. Appellee answered by a general denial, and claim for alimony, &c. The jury found a verdict, that "the material allegations set forth in the petition are true," whereupon the court gave judgment as follows: "Being satisfied that the allegations of the petition, and the "proof, are not sufficient to authorize a dissolution of the bonds "of matrimony, it is therefore ordered, adjudged, and decreed, "that the verdict of the jury be set aside; that the plaintiff "take nothing by his plaint ; and that the defendant go hence, "and have and recover of the plaintiff, all the costs in this "behalf expended."

*Good* and *McKenzie,* for appellant. The only question we conceive to be determined by this court, is, whether the allegations of the petition are sufficient, in law, to entitle the appellant to a divorce; and in support of the petition, we refer the court to Hart. Dig. Art. 848–9; Byrne v. Byrne, 3 Tex. Rep. 336; Wright v. Wright, Id. 168; Sheffield v. Sheffield, Id. 79; Taylor v. Taylor, 18 Id. 574.

It is the peculiar province of the jury, in actions of this kind, to determine whether the allegations of the petition are true; and if the jury find the material allegations of the petition to be true, the court, in rendering judgment, has only to look to the petition: if the allegations of the petition, are sufficient to entitle the plaintiff to a judgment, the court should render judgment accordingly, without reference to the proof; (Hart. Dig. Art. 849) hence there is no necessity for sending up to the Supreme Court, a statement of facts.

If the court is to look both to the petition and to the facts, where is the necessity of a jury?

The verdict of the jury, in this case, is, that the material allegations of the petition are true: then, if the allegations of the petition are true, had the court any right to render judgment, *non obstante veredicto,* in favor of the defendant? (Hart. Dig. Art. 127, 128; 1 Bouv. Law Dict. p. 678, and authorities cited; Steph. on Plead. 97; Bellows v. Shannon, 2 Hill's Rep. 86.)

*John W. Guess,* for appellee.

WHEELER, Ch. J. There is, in the record, no statement of facts; and it is manifest, therefore, that we cannot revise the judgment of the court, refusing to decree a divorce on the ground of insufficiency of proof. But it is insisted for the appellant, that the jury, having found the allegations of the petition to be true, the court could not refuse a decree, if the causes set forth were sufficient in law. This would be true, in an ordinary suit; but it is otherwise in suits for divorce. The law

has sought to secure the inviolability of the marriage contract, by other safeguards than are afforded in the case of any other contract, or right of persons, however sacred it may be esteemed by the laws of nature and society. It cannot be dissolved by the consent of the parties; nor by a court, for causes resting for their establishment alone upon the verdict of a jury. The ends of marriage, and the duties in which it engages the parties, are such, that the law of nature requires that the contract should be perpetual. Nor can it be dissolved, except for such causes, as the laws of society, which are supposed to conform to the law of nature, have declared to be sufficient cause for its dissolution. These are such, only, as are supposed to render its continuance subversive of the ends of its institution. It has been said, the law of England, and it may be added, the law of America, is clearly in favor of the perpetuity of marriage. It encourages adherence to the marriage contract, and discourages its dissolution. "Every facility is afforded towards entering "the married state; suspicion and alarm watch every step to "dissolve it. For, upon the security of that relation between "the parties, the legitimacy of their offspring, with every conse- "quence attached to that character in society, must depend. "*Solutionem matrimonii difficiliorem debere esse favor imperat* "*liberorum,* was ever the maxim of the Roman code, as it is "unquestionably of our own law. The remedy of divorce is, at "best, but a mournful remedy; and it is one which the law will "dispense with an unwilling hand. This is manifest from the "principle which runs through the whole proceedings, in the "process of divorce. A jealous anxiety to disregard every "admission, marks every step. Hence, no judgment passes by "default, without proof; and if the defendant declines to ap- "pear, the court are nevertheless bound to proceed with the "same formality, as if he were present, and had maintained the "keenest opposition. In the same spirit, every obstacle that "presents itself, is eagerly laid hold of to support the marriage, "and prevent its dissolution." (Page on Divorce, 333, 334.)

The law has wisely enjoined upon the courts, the duty of

watching over these proceedings with the strictest scrutiny, and interposing to prevent abuses of the delicate and responsible power confided to them, to dissolve the marriage contract. What shall be deemed sufficient cause of divorce, must ever be matter of law; and the law has made it the duty of the judge to refuse a decree, unless satisfied of the truth and sufficiency of the evidence, by which those causes are established. Our statute is explicit upon this subject; declaring that "the decree "of the court, shall be rendered upon full and satisfactory evi-"dence, independent of the confession or admission of either "party, and upon the verdict of a jury, affirming the material "facts alleged in the petition." (Hart. Dig. Art. 849.) There must be the "full and satisfactory evidence," and "the verdict of a jury:" both must concur, before the court can lawfully proceed to decree a divorce. It is to the mind of the court, of course, that the statute intends that the evidence shall be "full and satisfactory." Unless it be so, it is the duty of the court to set aside the verdict, and refuse a decree. In decreeing a divorce, the judge does not proceed, as in other cases, upon the verdict of the jury, but upon his own judgment, after the jury, by their verdict, have affirmed the truth of the material allegations of the petition. The mind of the judge must be satisfied, not only of the sufficiency of the causes alleged, but of the truth and sufficiency of the evidence, by which they are established, independently of the verdict. In the present case, it appears that the court was of opinion that the allegations and proof, considered together, were not sufficient. In the absence of a statement of facts, we must presume that the court decided rightly upon the sufficiency of the evidence : and the judgment was rightly rendered, in accordance with the practice in such cases, which has been affirmed by the repeated decisions of this court. (Sharman v. Sharman, 18 Tex. Rep. 521; Camp v. Camp, Id. 528.) After hearing the evidence, if it be not deemed sufficient by the court, the correct practice seems to be, to dismiss the petition without prejudice. (Page on Divorce, 332; Wright's R. 469.) Such is the effect of the judgment in

this case.   There was no occasion to continue the cause on the docket, unless the plaintiff could make further proof, to the satisfaction of the court; and to enable him to do this, he must have made his application, showing sufficient cause for a new trial.

We express no opinion upon the legal sufficiency of the petition, as it is unnecessary.   There is no error in the judgment, and it is affirmed.

Judgment affirmed.