## J. W. WRIGHT v. ALDA WRIGHT.

### Decided April 29, 1908.

**1.—Divorce—Custody of Child—Court or Jury.**

Whether, in a divorce suit, the issue as to the proper person to have the custody of a minor child, which is claimed by both parties, is one upon which, of right, the verdict of a jury may be demanded, is questioned, but not decided. (Rev. Stats., art. 2979.)

**2.—Same.**

The verdict of a jury as to the proper party to have custody of the minor child of a couple divorced is not conclusive upon the court; and, if one for his sole determination, no error appears in his action in taking the verdict of a jury thereon and approving it by rendering judgment accordingly.

**3.—Same—Waiver.**

The right to have a question determined by the court, instead of a jury, may be waived, and is so where a party permits the issue to be submitted to the jury without objection, raising the question first in motion for new trial.

**4.—Same—Verdict.**

A verdict and judgment in accordance finding the wife a proper person to have custody of the minor child on divorce of the parents, and awarding same to her, sufficiently disposes of the issues presented by each party in suggesting others as proper custodians in case neither parent was deemed fit therefor.

**5.—Custody of Minor—Evidence.**

Evidence considered, and held sufficient to support a judgment awarding the custody of a minor child to the mother on divorce of the parents.

Appeal from the District Court Coryell County. Tried below before Hon. N. R. Lindsey.

*Owen Miller,* for appellant.—In such cases the issues affecting the care

and custody of the children are reserved to be adjudged by the judge without the aid of the jury. Ligon v. Ligon, 87 S. W., 838; Sayles' Civil Stats., arts. 2979, 2987; Rice v. Rice, 21 Texas, 58-68; Wright v. Wright, 3 Texas, 168-184; Byrne v. Byrne, 3 Texas, 336; 5 Am. and Eng. Ency. of Law (1st ed.), 832-834 and notes.

It is the duty of the court to dispose of all questions affecting the custody of minor children; and in case the court in its discretion finds that neither of the parties are fitted for the trust the custody of the children may be awarded to some one else besides the parents. Sayles' Civil Stats., arts. 2987, 2979; Rice v. Rice, 21 Texas, 58-68; Wright v. Wright, 3 Texas, 168-184.

*Sadler & Arnold,* for appellee.—In Texas, the right of trial by jury remains inviolate. In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury. This right extends to every issue in the case involving the determination of a question of fact. The legislature could not, if it would, abridge this right. Bill of Rights, art. 1, sec. 15; Constitution of Texas, art. 5, sec. 10; Cockrill v. Cox, 65 Texas, 669.

Failure to object to the trial by jury of a case or any part of a case by any party thereto until after the jury was impanelled and sworn, operates as a waiver by such litigant of his right to object to such trial by jury, even though he might have done so in the first instance. 24 Cyclopedia of Law and Procedure, p. 174, subdivision G. See also authorities there cited.

The rights of a parent to the custody of a child are paramount to the rights of others. In a case where there is a contest between the parents—father and mother—over who shall have the child, and the jury finds in favor of the mother and the court adjudges the custody of the child to such parent, failure to submit to the jury the issue of the fitness of some other person to become the custodian of the child would be harmless.

RICE, ASSOCIATE JUSTICE.—This is a suit by appellant against appellee for divorce and custody of their child Bettie, a girl about six years of age. For grounds of divorce appellant alleged three years' abandonment by appellee, cruel treatment, and adultery, and that she was unfit morally and otherwise, to have the custody and care of said child.

Appellee answered denying the allegations of appellant's petition, and by cross-bill sought a divorce in her own behalf on the ground of cruelty and outrages on the part of appellant towards her; alleging that said charge of adultery was false and slanderous and that she was a virtuous wife; that defendant was a drunkard and addicted to eating morphine, and failed to provide a support for herself and her child; that appellant was an unfit person to have the custody of said child, asking that the same be awarded to her, and that if for any reason the court should refuse to do so, that said child be awarded to her sister, Mrs. Bettie Lottier, a suitable person for this trust.

Appellant by supplemental petition reiterated his charge as to appel-

Ice's unfitness for the care and custody of said child, and asked that if for any reason her custody should be refused him, that she be awarded to his sister, Mrs. Nannie Clark, who it is alleged, was able, suitable and willing to keep and maintain said child.

There was a jury trial which resulted in favor of appellee for divorce on her cross-bill, and awarding her custody of the child, from which judgment appellant prosecutes this appeal.

By his first assignment of error appellant insists that the court erred in submitting to the jury the question of the custody of said· child, contending that this issue was for the court and not for the jury. The court in its charge submitted for the determination of the jury, not only the issues of whether plaintiff or defendant was entitled to divorce, but likewise the question of who, under the evidence, was entitled to the custody of their said child. Appellant contends that under Art. 2987, Rev. Civ. Stat., the court had no power to submit the issue of the custody of the child to the jury, and that this matter should have been determined alone by it. Said Article reads: "That the courts aforesaid shall have power in all cases of separation between man and wife, to give the custody and education of the children to either father or mother, as to the said court may seem right and proper, having regard to the prudence and ability of the parents and the age and sex of the child or children, to be determined and decided on the petition of either party, etc."

Appellee ·by her counter-proposition insists that the right of trial by jury remains inviolate; and that in the trial of all cases in the District Courts the plaintiff or the defendant shall, upon proper application, have the right to trial by jury, and that this right extends to every issue in the case involving the determination of a question of fact, and that the Legislature could not, if it would, abridge this right. Citing in support of her contention Bill of Rights, art. 1, sec. 15, which reads as follows: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same and to maintain its purity and efficiency." Also citing Art. 5, sec. 10 of the Constitution, which reads as follows: "In the trial of all cases in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury, etc."

We have been cited to no Texas case where the exact question here presented has been determined. Under the sections of our Constitution quoted, and Art. 2979, which declares among other things, "that a decree of the court shall be rendered upon full and satisfactory evidence,. independent of the confession or admission of either party, and upon the verdict of a jury, if a jury shall have been demanded by either party, and if not, upon the judgment of the court affirming the material facts alleged in the petition," we think it well settled that there can be no question but what the parties are entitled to a jury trial on the issues of fact set forth in their pleadings as entitling them to a divorce, and this does not seem to be controverted by appellant, *but he insists that as to the issue of the custody of the child the same can not, under the law be submitted to the jury, but is for the determination of the court alone.* The statute itself does not seem to expressly forbid the submission

of the issue as to the custody of children in such cases to a jury, and the word "court" as therein used (Art. 2987, R. S.) could, we are inclined to believe, be held to include a trial by jury. However, we do not think it is necessary to so determine in this case, since the judgment of the court may and will be sustained upon other grounds.

We see no impropriety, if the court desires the assistance of a jury in aiding him in the determination of any matter of fact in issue, in submitting the same for the finding of a jury. This certainly can be done in the form of special issues. In Bush v. Bush, 103 S. W., 217, in a suit for divorce and custody of a child, the case was submitted to a jury on special issues, and upon their answers, judgment was rendered decreeing appellee a divorce and awarding her the custody of the child, the jury finding that appellee was a proper and capable person to have the custody of the child, and that it would be to the best interests of the child that its custody be awarded to her. So in the case at bar, the verdict of the jury was not conclusive upon the court, even as to their finding relative to the issue of divorce, and certainly not as to their finding upon the custody of the child; but the court has seen proper, after the submission of the issue and the finding of the jury, to adopt their finding and render judgment thereon, which, in our opinion, is equivalent to its own finding upon this question.

But in this case, aside from the question as to whether there was any error in submitting the issue as to who was entitled to the custody of the child to the jury, we do not believe that appellant is in condition to complain thereof, because it appears from the record that no objection was made to the submission of this issue to the jury until after verdict and in a motion for new trial; therefore, he has waived whatever right, if any, he may have had in this particular. In Vol. 24, Ency. Law & Proc., 174, usually cited as "Cyc.," it is said: "In a case not of right triable by a jury, a party can not complain that the case was so tried if he did not object to that mode of trial, or if he failed to object until after a jury was sworn and empaneled to try the case; and even when the party has an absolute right to have certain issues tried by the court, the right may be waived, and is waived, by proceeding to trial before the jury without any protest or objection. So, also, where only a part of the issues are triable by the court, it is not error to overrule an objection to a jury trial which is made to the entire case." This text is supported by numerous authorities.

We therefore hold, under the circumstances shown by the record, that no error was committed in the submission of said issue relative to the custody of the child to the jury; but even if there was, the same has been waived by appellant, and we therefore overrule this assignment.

By the second assignment it is insisted that the court erred in not submitting to the jury the issue as to whether Mrs. Lottier or Mrs. Clark was entitled to the custody of said child. The court in appropriate instructions submitted to the jury the question of the fitness of both the appellant and appellee to have the custody of the child. Appellant reserved no exception to the charge in this respect, and the charge substantially told the jury that, in the event they should find that either plaintiff or defendant was entitled to a divorce, but should fur-

ther find from the evidence that neither the plaintiff nor the defendant, for the good of said child, was a suitable and proper person to have its custody, then they would so state in their verdict. We think the finding in favor of appellee on this issue was in full response to the charge of the court, and such finding negatived the right of either Mrs. Lottier or Mrs. Clark to the custody of the child, and, therefore, was a sufficient finding as to this issue.

Appellant abandoned his third and fourth assignments of error.

By his fifth assignment appellant assails the verdict of the jury and judgment of the court, and insists that the court erred in refusing to grant him a new trial on the ground that the evidence was insufficient to warrant the judgment for divorce and the award of the custody of the child to appellee. It is true that there was a conflict of evidence in this case as to both issues, but we think there was sufficient evidence to sustain the judgment. Appellant in his brief admitted "that the evidence showed that during the time his wife lived with him, he was addicted to the use of morphine and whiskey to such an extent as to render him abusive and dangerous, and that he assaulted and choked her at one time, and failed to support her and their child, and that she was forced, by reason of these things, to leave him." The proof showed that appellant was shiftless, possessed of no property, and that he had contributed nothing towards the support of the child or its mother since the date of their separation, and that he had not even attempted to see it until suit was brought,—that the child did not know him, etc. But it appeared that appellee, its mother, had tenderly cared for it, nursed it in sickness and health, and was able and willing to care for and maintain it, and that the child cherished great affection for its mother. Under these circumstances, while it is true there was a conflict in the evidence, the jury has found in favor of the mother, and the learned judge who presided at the trial and who was in better position to pass upon this question than this court can be, has seen fit to sanction the verdict of the jury, we do not feel justified in disturbing same, and therefore overrule this assignment.

Finding no error in the proceedings of the trial court, the judgment is in all things affirmed.

*Affirmed.*