ANNIE INGLE v. WILLIAM INGLE.

Decided June 25, 1910.

**1.—Divorce—Trial—Right of Judge to Examine Witnesses.**

In the trial of a suit for divorce the presiding judge has the right on his own motion, in order to avoid collusion between the parties, and to test the credibility of the witnesses, and to determine the sufficiency of and the weight to be given to their testimony, to examine and to cross-examine the witnesses; this right being subject, however, to review by an appellate court for abuse of discretion.

**2.—Same—Personal Violence—Insufficient Evidence.**

In a suit by a wife against her husband for divorce on the ground of such excesses, cruel treatment and outrages by the husband towards the wife as to render their living together insupportable, evidence as to jealousy and personal violence on the part of the husband considered, and held insufficient to justify the appellate court in setting aside the judgment of the trial court denying the divorce. When a husband and wife have lived together for nineteen years and have children nearly grown, a single hasty and not altogether unprovoked act of personal violence by the husband towards the wife would not absolutely and necessarily render their longer living together insupportable.

Appeal from the District Court of Taylor County. Tried below before Hon. T. L. Blanton.

*Harry Tom King* and *B. K. Isaacs,* for appellant.

*Cunningham & Oliver,* for appellee.

CONNER, CHIEF JUSTICE.—This appeal is from the court's judg-

ment denying appellant a divorce. The divorce was sought on the ground that the defendant "was guilty of excesses, cruel treatment and outrages against plaintiff of such a nature as rendered their living together insupportable." At appellant's request the court made and filed findings of fact and conclusion of law, which are as follows:

"Findings of Fact: 1. The court finds that the only cause of complaint that the plaintiff has proven or attempted to prove in this case against the defendant, was that of jealousy, and of an assault which grew out of a controversy between plaintiff and defendant based upon the objections of defendant to plaintiff having attended a certain picnic in the town of Clyde in the county of Callahan and State of Texas.

"2. The court finds as a fact that the plaintiff has been in the habit of attending picnics in company with another married woman, not only in the county of her own residence, but likewise in an adjoining county; that she has a grown daughter fifteen years of age; that she has never taken such daughter with her on such trips.

"3. That plaintiff and defendant have been married for nineteen years and that they have a daughter fifteen years of age, and three sons.

"4. That the plaintiff has wholly failed to prove any cause of action whatever against her husband which, in the opinion of the court, would warrant the granting of a decree of divorce.

"5. That the plaintiff has attempted to offer no evidence whatever in the case by any of her friends or acquaintances except her companion who was with her at the time of the controversy between herself and her husband.

"Conclusion of law: The burden being upon the plaintiff to establish her case by competent evidence, and she having wholly failed, in the opinion of the court, to establish a case, the court finds against the plaintiff and refuses a decree of divorce."

After appellant had examined her witness L. L. Peevy, who had been interrogated in support of an allegation that defendant had requested him to watch her for improper conduct, and after the witness had been tendered for cross-examination, but which was declined by the defendant, the court of his own motion over appellant's objection proceeded to ask the following questions. "Mr. Peevy, so far as you are an officer here in the county and from what you have seen of the parties, have you ever seen anything at all that would cause suspicion, or of a suspicious nature, with reference to Mrs. Ingle's conduct as a married woman?" "Do you know what her general reputation (referring to the plaintiff) is in this community for being a virtuous and chaste woman?" The bills of exception fail to show what the answers were and we perhaps would be justified in overruling the assignments of error to the court's action on the ground that the bills fail to show that anything prejudicial was elicited; but appellant seriously questions the right of the court altogether. Her principal proposition is: "Where both plaintiff and defendant are represented in the trial of a cause by counsel, and after plaintiff has examined the witness put on by him, and upon the witness

being tendered to defendant's counsel, he declines to cross-examine said witness, it is reversible error for the trial judge, over objection of plaintiff, to cross-examine said witness generally." With this view we do not concur. While the record shows that the defendant filed an answer denying the acts of cruelty charged, there is nothing whatever to indicate that any real defense was made or that appellee was averse to the decree. In fact, both parties were possibly anxious for an abrogation of the solemn obligations entered into at the time of their marriage, and the proposition urged amounts to a contention that in all such cases the trial judge is to remain quiescent and tongue-tied while trivial occurrences are magnified into outrages and when the very atmosphere of the trial is charged with suggestions of collusion and even of perjury. The law has not so limited the court, and be it said to the honor of the class, that our district judges generally have not so construed their duty. The State—the public at large—is interested in the preservation and perpetuation of the divinely ordained marriage relation, as is abundantly manifested by Holy Writ, by legislative acts, and by the law writers of every age and civilized nation.

Article 2979 of our Revised Statutes is as follows: "In all suits and proceedings for divorce from the bonds of matrimony, the defendant shall not be compelled to answer upon oath, nor shall the petition be taken as confessed for want of (an) answer, but the decree of the court shall be rendered upon full and satisfactory evidence upon the verdict of the jury if a jury shall have been demanded by either party, and if not, upon the judgment of the court affirming the material facts alleged in the petition. In all such suits and proceedings the husband and wife shall be competent witnesses for and against each other, but neither party shall be compelled to testify as to any matter that will criminate himself or herself; and where the husband or wife testifies, the court or jury trying the case shall determine the credibility of such witnesses and the weight to be given such testimony; but no divorce shall be granted upon the evidence of either husband or wife, if there be any collusion between them."

We have no like statute with reference to any other subject of litigation and it is evident that the article quoted confers large discretionary power and strictly imposes delicate duties upon the trial judge in the matter of decreeing a divorce from the bonds of matrimony. Whatever the action or want of action on the part of the defendant, the petition must not "be taken as confessed," but the decree must be rendered upon "full and satisfactory evidence." As said by our Supreme Court in Moore v. Moore, 22 Texas, 240: "The law has wisely enjoined upon the courts the duty of watching over these proceedings with the strictest scrutiny, and interposing to prevent abuses of the delicate and responsible power confided to them to dissolve the marriage contract. What shall be deemed sufficient cause of divorce must ever be matter of law; and the law has made it the duty of the judge to refuse a decree unless satisfied of the truth and sufficiency of the evidence by which those causes

are established." Such being the duty of the judge, it seems to necessarily follow that in order to avoid collusion between the parties and to test the credibility of the witnesses and to determine the sufficiency of and the weight to be given to their testimony, the trial judge should be accorded the right to examine or to cross-examine any witnesses testifying in the suit for divorce, subject only to review by an appellate court for an abuse of discretion. We not only approve but specially commend the action of the court in the case under consideration, and overrule appellant's assignments of error on the subject.

In various forms appellant attacks the court's conclusions and the judgment denying the divorce, the insistence being that under the undisputed testimony she was entitled to a decree in her favor. While the evidence would doubtless support a judgment for appellant, we nevertheless feel unable after a careful review of the testimony to say that the court committed error in denying the divorce. Appellant testified to numerous occasions when her husband had indicated a belief of improper conduct on her part with other men, even implying a want of chastity, but, as stated in the court's conclusions, she offered no witness other than herself in support of these averments. There was also testimony to the effect that on one occasion defendant threw his wife to the ground, wrenched her arm, and kicked her person several times, but the evidence relating to the matter is subject to the construction that no serious injury was inflicted and that appellant was at the time endeavoring to strike or kick appellee. So far as the proof discloses no other violence in nineteen years of married life appears to have been offered to appellant's person. We feel unable to say that a hasty and inconsiderate act of this kind, not shown to result in serious injury or pain, absolutely requires the conclusion that the longer living together of husband and wife is insupportable. The statute declares that in order to authorize a decree on the ground charged in this case, the offending party must be "guilty of excesses, cruel treatment, or outrages toward the other . . . of such a nature as to render their living together insupportable." The trial court had the witnesses before him, had opportunity to observe their manner of testifying upon the stand, and he was altogether the judge of the credibility of the witnesses and the weight to be given to their testimony and, while, as has been frequently said, his action is subject to review, we can not say that in the case before us he has abused his discretion. In the case of Moore v. Moore, *supra,* there was a verdict of a jury affirming the material allegations of a petition for divorce. The court, however, denied the decree *non obstante veredicto.* On appeal this action was sustained, the court saying: "There must be 'full and satisfactory evidence' and 'the verdict of a jury,' both must concur before the court can lawfully proceed to decree a divorce. It is to the mind of the court, of course, that the statute intends that the evidence shall be 'full and satisfactory.' Unless it be so, it is the duty of the court to set aside the verdict and refuse the decree. In decreeing a divorce the judge does not proceed, as in other cases, upon

the verdict of the jury; but upon his own judgment, after the jury by their verdict have affirmed the truth of the material allegations of the petition. The mind of the judge must be satisfied, not only of the sufficiency of the causes alleged, but of the truth and sufficiency of the evidence by which they are established, independently of the verdict." To the same effect is the decision in Haygood v. Haygood, 25 Texas, 577.

The evidence shows that appellant and appellee have been married some nineteen years and have children as shown in the court's findings, and the trial court doubtless concluded that the manifestations shown of appellee's jealousy and the isolated act of personal violence mentioned could be forgiven and would not be repeated without cause. At all events, we do not feel that we can disturb the court's conclusions. They are accordingly adopted and the judgment affirmed.

*Affirmed.*