## DE FIERROS v. FIERROS.

(Court of Civil Appeals of Texas. San Antonio. March 12, 1913.)

1. DIVORCE (§§ 144, 184*)—APPEAL — SUFFICIENCY OF EVIDENCE.

In suits for divorce, neither the trial court nor the Court of Civil Appeals is bound by the finding of the jury upon questions of fact, but may, in their sound discretion, disregard the verdict and render the judgment that justice requires.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 484–487, 570–573; Dec.Dig. §§ 144, 184.*]

2. DIVORCE (§ 27*)—SUFFICIENCY OF EVIDENCE —CONJUGAL RELATIONS INSUPPORTABLE.

In a husband's action for divorce upon the ground of cruel treatment rendering living together insupportable, where he did not deny that the wife was a good, devoted woman, and it appeared that the dispute arose out of her suspicions and knowledge of his infidelity, and that she then called him names which, in English, amounted to no more than "poor person" or "tramp," and that, if he had shown such suspicions to be unfounded, she would have continued an affectionate wife, the facts did not justify a divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 62–83; Dec. Dig. § 27.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Eduardo Fierros against Teresa M. De Fierros. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered that plaintiff take nothing by his suit.

A. Winslow, of Laredo, for appellant. Hamilton & Mann, of Laredo, for appellee.

TALIAFERRO, J. This is a suit for divorce by the husband against the wife, upon the ground of cruel treatment of such a nature as to render their living together insupportable. Verdict of the jury and judgment of the court were in favor of appellee, the husband. Appellant assigns as error the insufficiency of the evidence to support the verdict.

[1] Under the law in this state the granting or refusal of a prayer for divorce rests in the discretion of the trial court, or, upon appeal, in the discretion of this court, upon "full and satisfactory evidence." In suits for divorce, neither the trial court nor the Court of Civil Appeals is bound by the findings of the jury upon questions of fact, but may within their sound discretion disregard the jury's verdict and render the judgment that justice and good morals require.

[2] The seriousness of the offenses complained of should be considered within the light of surrounding circumstances, and, before the wife's acts, committed under the spur of violent jealousy, are visited with the punishment of divorce, it should at least appear that the husband is without grave fault, or that the wife's suspicions are groundless. Paulson v. Paulson, 21 S. W. 778; Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 158; Bingham v. Bingham, 149 S. W. 214; Dickinson v. Dickinson, 138 S. W. 205;

Scott v. Scott, 61 Tex. 120; Wright v. Wright, 3 Tex. 168; Lohmuller v. Lohmuller, 135 S. W. 751.

This case does not present facts which in our opinion justify a divorce. The appellee does not deny that his wife is a good woman; that until the disputes in question she was faithful, attentive, and thrifty, and devoted to him. Indeed, it appears that her love for him was too great. She loved him with a devotion that suspicion lashed to a frenzy—"not wisely, but too well." The conduct of appellant, which appellee views so seriously, was not a very grievous lapse of propriety. She used no profane or vulgar language, and the names she called her husband meant in English no more than "poor person" or "tramp." She says she was provoked to this by knowledge and suspicion of her husband's infidelity. If that is true, few will say that her conduct was not moderate, or even mild. If it was not true, the husband, and no other person, had the power to show her that she was wrong. All of the evidence convinces us that, if he had done so, she would have continued her life of affection and service to him.

The other questions raised by this appeal are, by these conclusions, rendered immaterial.

The record shows a full development of the evidence, and, deeming it insufficient to justify a decree of divorce, the judgment will be reversed, and judgment here rendered that the appellee take nothing by his suit, that a divorce be denied, and that he pay all costs of this suit.