GRISHAM v. GRISHAM. (No. 8367.)

(Court of Civil Appeals of Texas. Ft. Worth. April 15, 1916.)

1. DIVORCE ⬅149—POWER OF COURT—JURY CASE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4633, providing that in a divorce suit the decree shall be rendered upon satisfactory evidence upon the verdict of a jury or the judgment of the court affirming the material facts alleged in the petition, the judge may refuse to render judgment for divorce if the evidence is not satisfactory to himself, even though it is a jury case.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 496–498; Dec. Dig. ⬅149.]

2. DIVORCE ⬅184(6)—APPEAL—REVERSAL—INSUFFICIENCY OF EVIDENCE.

Appellate courts may reverse a judgment granting a divorce where the case is tried before or without a jury, because, in their opinion, the evidence is insufficient to sustain the material allegations alleged and necessary.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 572; Dec. Dig. ⬅184(6).]

3. DIVORCE ⬅184(6)—APPEAL—REVERSAL OF TRIAL COURT.

An appellate court may reverse the judgment of the trial court refusing a decree of divorce and grant plaintiff a divorce on the facts.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 572; Dec. Dig. ⬅184(6).]

4. DIVORCE ⬅149 — SPECIAL VERDICT — EFFECT—STATUTES.

Under Const. art. 1, § 15, art. 5, § 10, touching trial by jury, Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1986, touching the submission of a cause upon special issues and the conclusiveness of a special verdict, and under article 4633, providing that in all suits for divorce the decree of the court shall be rendered upon satisfactory evidence upon the verdict of a jury, and, if a jury has not been demanded, upon the judgment of the court affirming the material facts alleged in the petition, the court, where the jury has found by special verdict that the necessary facts constituting legal grounds for divorce are wanting, may not disregard its verdict and grant a divorce to either party.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 496–498; Dec. Dig. ⬅149.]

5. DIVORCE ⬅151—SETTING ASIDE VERDICT —POWER OF COURT.

The court, in a divorce suit, may set aside the verdict of the jury before judgment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. ⬅151.]

6. DIVORCE ⬅151 — DISREGARD OF VERDICT —POWER OF COURT.

The court, trying a divorce suit, may grant new trial after judgment entered upon the jury's verdict.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. ⬅151.]

Appeal from District Court, Wichita County; J. W. Akin, Judge.

Suit for divorce by Myrtle Grisham against W. P. Grisham. From a judgment granting defendant a divorce on his crossplea, plaintiff appeals. Judgment reversed, and cause remanded.

T. R. Boone, of Wichita Falls, for appellant. W. F. Weeks, of Wichita Falls, for appellee.

BUCK, J. This is a divorce suit filed by appellant. It will be necessary to consider only one question presented. The cause was submitted to the jury on special issues; the questions and answers thereto being as follows:

(1) "Was the defendant, W. P. Grisham, guilty of cruel treatment towards plaintiff, Myrtle Grisham, of such a nature as to render their further living together as husband and wife insupportable? Answer yes or no.
"No."

(2) "Was the plaintiff, Myrtle Grisham, guilty of cruel treatment towards defendant, W. P. Grisham, of such a nature as to render their further living together as husband and wife insupportable? Answer yes or no.
"No."

(3) "Is the plaintiff, Myrtle Grisham, a suitable and proper person to have the care, custody, and control of the minor child, Erma Lucile Grisham? Answer yes or no.
"Yes."

(4) "Is the defendant, W. P. Grisham, a suitable and proper person to have the care and custody and control of the minor child, Erma Lucile Grisham? Answer yes or no.
"Yes."

(5) "Considering only the best interest of the child, Erma Lucile Grisham (and nothing else), in whose care, custody, and control should this child be placed?
"Answer: Her father and mother."

(6) "Did the defendant transfer to the First National Bank of Electra the sum of $340 out of the homestead insurance money for the purpose of defrauding the plaintiff? Answer yes or no.
"No."

(7) "(a) Did W. P. Grisham, B. B. Greever, or D. T. Cross fraudulently transfer to A. N. Treece $525 of the furniture insurance for the purpose of defrauding the plaintiff, Myrtle Grisham? Answer yes or no. If you answer yes, then state which one or ones.
"No.

"(b) Was the transfer, if any, of this fund

made for a valuable consideration? Answer yes or no.

"Yes."

(8) "(a) Did W. P. Grisham and B. B. Greever fraudulently transfer to D. T. Cross $251 of the furniture insurance for the purpose of defrauding the plaintiff, Myrtle Grisham? Answer yes or no. If you have answered yes, then state which one or ones.

"No.

"(b) Was the transfer, if any, of this fund made for a valuable consideration? Answer yes or no.

"No."

(9) "Did W. P. Grisham, B. B. Greever, D. T. Cross, T. M. Hoxie, and the First National Bank of Electra, Tex., or any of them conspire together and fraudulently transfer to themselves and to others $850, the homestead insurance or any part thereof, for the purpose of defrauding the plaintiff? Answer yes or no. If you answer yes, which ones and how much?

"No."

(10) "(a) Did W. P. Grisham, B. B. Greever, and T. P. Grisham conspire and fraudulently transfer to T. P. Grisham the tailoring and pressing shop and one buggy and horse, for the purpose of defrauding the plaintiff out of her rights therein? Answer yes or no.

"No.

"(b) Was this transfer, if any, made for a valuable consideration? Answer yes or no.

"Yes."

(11) "Were all of the assignments above mentioned made, if they were made, for the purpose of paying the community debts of the plaintiff and defendant? Answer yes or no.

"No."

(12) "If you have said that all of such assignments were not made to pay community debts, then state which of them, if any, were made to pay community debts. (If you have answered issue No. 11 in the affirmative, then you need not answer this question.)

"$525 to A. N. Treece."

(13) "What, if any, community property is now owned by W. P. Grisham and Myrtle Grisham?

"Answer: Order to B. B. Greever $251. Cash not accounted for, $268.12. Two houses and lots, Woodruff Heights, Electra, Texas. One homestead lot, Electra, Texas. One piano."

(14) "What amount of community debts, if any, is now owed by W. P. Grisham and Myrtle Grisham?

"Balance due on piano."

Whereupon the court, without setting aside the verdict of the jury and without hearing further testimony, granted a divorce to defendant on his cross-plea. Plaintiff has appealed, and has assigned error to the action of the court in so doing.

The Constitution of Texas (article 1, § 15) provides:

"The right of trial by jury shall remain inviolate. The Legislature may pass such laws as may be needed to regulate the same and to maintain its purity and efficiency."

Article 5, § 10, Id., reads in part as follows:

"In the trial of all causes in the district courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury."

Article 1984a, Vernon's Sayles' Texas Civil Statutes, provides for the submission of a cause upon special issues raised by the pleadings and the evidence in the case. Article 1986, Id., provides:

"A special verdict found under the provisions of the two preceding articles shall, as between the parties, be conclusive as to the facts found."

It has been held that where a cause has been submitted on special issues, the trial court is not authorized, in rendering judgment, to disregard the finding of the jury on a material issue, even though such finding has no support whatever in the testimony. Scott v. F. & M. Nat. Bank, 66 S. W. 485. It has also been held that a special verdict, though comprising many findings, shall be one verdict, and no material part of it can be set aside for want of sufficient evidence to sustain it without setting it all aside. Casey-Swasey Co. v. Manchester Fire Assur. Co., 32 Tex. Civ. App. 158, 73 S. W. 865. It has been further held that the trial judge may, on motion, set aside the jury's findings as a whole, and grant a new trial, but he cannot set aside part of them, substitute his own for those set aside, and thereupon render judgment. Arkansas Fertilizer Co. v. City Nat. Bank, 137 S. W. 1179.

[1] Article 4633, Vernon's Sayles' Texas Civil Statutes, provides in part that:

"In all suits and proceedings for divorce from the bonds of matrimony, the defendant shall not be compelled to answer upon oath, nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the verdict of a jury, if a jury shall have been demanded by either party, and, if not, upon the judgment of the court affirming the material facts alleged in the petition."

The courts have construed the use of the expression, "upon full and satisfactory evidence," as giving to the trial judge the authority to disregard the verdict of a jury favorable to the relief prayed for, and to refuse to enter a decree granting such divorce. The judge may refuse to render a judgment for divorce if the evidence is not satisfactory to him, even though it be a jury case. Moore v. Moore, 22 Tex. 237; Haygood v. Haygood, 25 Tex. 576; Ingle v. Ingle, 131 S. W. 241; Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 158.

[2, 3] Appellate courts may reverse a judgment granting a divorce, where the case is tried before or without a jury, because in their opinion the evidence is insufficient to sustain the material allegations alleged and necessary. Lohmuller v. Lohmuller, 135 S. W. 751; De Fierros v. Fierros, 154 S. W. 1067. Or the appellate court may reverse the judgment of the trial court refusing the decree of divorce, and grant plaintiff a divorce on the facts. Jernigan v. Jernigan, 37 Tex. 420.

[4-6] But we have not been cited to any case, and we have found none, holding that where the jury has found that the necessary facts constituting the legal ground for divorce are wanting, that the court may disregard their verdict and grant a divorce to either party. Of course, the court may set aside the verdict before judgment, or grant a new trial after judgment, or he may disregard

the verdict of the jury to the effect that the necessary facts entitling the plaintiff to a verdict exist, and refuse the divorce. But we do not believe that the court may disregard the verdict of the jury, and especially on special issues, which affirmatively finds that neither plaintiff nor defendant has just grounds for divorce, and proceed on his own motion to enter the decree granting the divorce, either to the one or to the other. We think the provision of the statute that "the decree of the court shall be rendered upon full and satisfactory evidence," and the decisions of our appellate courts hereinabove cited, merely emphasize the insistence of the law that no dissolution of the bonds of matrimony shall be granted for trivial causes, or unless the party seeking such relief shall definitely and unequivocally bring himself within the statutory requirements provided. Though our law regards the marriage relation as being based upon a civil contract, yet the interests of society, the welfare of the children who are the fruits of the marriage relation, demand that such relation shall not be lightly regarded nor dissolved except for good and sufficient cause, rendering the further continuance of it a source of manifest danger or unhappiness to one or the other of the parties thereto. The permanence of the marriage relation is essential to the happiness, well-being, and virtue of society.

While the evidence in this case may have justified the court in granting a divorce to either party, according as credence was given to the testimony of the one or the other, yet the jury, to whom the issues of fact were submitted, have found against either conclusion. Until that verdict is set aside, we believe the court is precluded from entering a judgment decreeing a divorce to either party. To hold otherwise, we believe, would be to render nugatory the provisions of the statutes cited and quoted.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

　　