### HARRELL v. HARRELL.    (No. 10581.)

(Court of Civil Appeals of Texas. Fort Worth. April 5, 1924.)

**Divorce** ⬤�найти147—**Directing verdict adverse to plaintiff held not error.**

Where plaintiff's testimony construed most favorably to her was such that it would have been duty of court under Rev. St. art. 4633, to set a verdict for her aside, court did not err in giving peremptory instruction for defendant.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by Mrs. Ivy E. Harrell against Dr. J. E. Harrell. Judgment for defendant, and plaintiff appeals. Affirmed.

Brown & Graham, of Graham, and Taylor & Taylor, of Wichita Falls, for appellant.

J. H. Wood, of Seymour, and Kay, Akin & Kenley, of Wichita Falls, for appellee.

DUNKLIN, J. Mrs. Ivy E. Harrell has appealed from a decree of court denying her a divorce from her husband, Dr. J. E. Harrell. In her petition, plaintiff alleged her marriage to the defendant in February, 1896. She further alleged that during their marriage they had accumulated property of the aggregate value of $45,850, which was subject to an in-

cumbrance of $10,000. She further alleged that the defendant left her with the intention of abandonment during the fall of the year 1918. The suit for divorce was instituted November 21, 1922. The principal ground upon which she relied for divorce consisted of allegations that the defendant had been guilty of excesses and cruel treatment toward her of such a nature as to render their living together insupportable.

The jury impaneled to try the case was, after hearing the evidence, peremptorily instructed by the court to return a verdict against the plaintiff.

The testimony offered by plaintiff in support of her petition consisted wholly of her own testimony, which covers 19 pages in the statement of facts, and the testimony of her mother, which covers a little over one page.

Complaint is made of the action of the court in giving the peremptory instruction. It is insisted that such action was a denial of a constitutional right to have issues of fact determined by the jury. Article 4633, Revised Civil Statutes, relating to divorce trials provides that:

"The decree of the court shall be rendered upon full and satisfactory evidence, upon the verdict of a jury, if a jury shall have been demanded by either party, and if not, upon the judgment of the court affirming the material facts alleged in the petition. * * * And where the husband or wife testifies, the court or jury trying the case shall determine the credibility of such witness, and the weight to be given such testimony."

In the case of Grisham v. Grisham, 185 S. W. 959, cited by appellant, this court, after referring to article 4633, said, speaking through Justice Buck, that:

"The courts have construed the use of the expression, 'upon full and satisfactory evidence,' as giving to the trial judge the authority to disregard the verdict of a jury favorable to the relief prayed for, and to refuse to enter a decree granting such divorce. The judge may refuse to render a judgment for divorce if the evidence is not satisfactory to him, even though it be a jury case. Moore v. Moore, 22 Tex. 237; Haygood v. Haygood, 25 Tex. 576; Ingle v. Ingle, 131 S. W. 241; Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 158. Appellate courts may reverse a judgment granting a divorce, where the case is tried before or without a jury, because in their opinion the evidence is insufficient to sustain the material allegations alleged and necessary. Lohmuller v. Lohmuller, 135 S. W. 751; De Fierros v. De Fierros, 154 S. W. 1067. Or the appellate court may reverse the judgment of the trial court refusing the decree of divorce, and grant plaintiff a divorce on the facts. Jernigan v. Jernigan, 37 Tex. 420."

In Erwin v. Erwin, 231 S. W. 834, also cited by appellant, the court held, as shown by the following statement from the syllabus:

"Whether a divorce case be tried with or without a jury, the trial court must be satisfied from all the testimony that a divorce should be granted as a matter of law, and in case of appeal the Court of Civil Appeals must be likewise satisfied."

Announcements to the same effect are to be found in many other decisions in this state, and none to the contrary have been cited.

A bill of exception was presented by appellant to the court upon the trial of the case to his action in giving the peremptory instruction, which was approved with the statement "if all of plaintiff's testimony be true I would not grant a divorce."

We have examined the entire statement of facts. Plaintiff testified that she and defendant were married in 1896; that they were living in the town of Spring Creek at the time of the marriage and continued to live there for nine years. They then moved to Throckmorton where they lived for two years. They then moved to Olney where they established a home. Plaintiff has been living in that home ever since. According to plaintiff's testimony, about four years prior to the trial defendant decided to and did move back to Throckmorton, but the plaintiff refused to go with him and continued to occupy her home in Olney, where she kept boarders. Her minor children remained with her there. Plaintiff testified that on different occasions defendant denounced her as a damned fool, without sense, and a fit subject for an insane asylum. But according to her testimony those denunciations began while the couple lived at Spring Creek and the last one occurred ten years prior to the trial. She further testified to many grievances of an apparently trivial character, such as objections by her husband to her association with some of her women neighbors; to her church activities, to which she was conscientiously devoted; his disposition to differ with her on nearly every subject; his refusal to accompany her to church and elsewhere on many occasions; his occasional indulgence in intoxicants; his failure to remove his glove when he shook hands with her on one occasion; his habit on some occasions of working on his car on Sunday, over her protest and when the same was unnecessary; his nagging disposition, etc., all of which so affected her nerves as to practically wreck her health and make it impossible for her to live with him longer. She further testified to the effect that she was bitterly opposed to living at Throckmorton because of a lack of living conveniences, and objectionable social surroundings there and because her church affiliations in Throckmorton were not to her liking, while the town of Olney was free of all those objections. But on cross-examination she further testified, in part, as follows:

"I didn't know by law that the husband selected the place to live, but that is just like

doctors and lawyers; when you come in a doctor's office they tell you different every time. I was willing to live with Dr. Harrell until now, any place, except Throckmorton. But if he has been doing what I found out since I went to Olney, I wouldn't."

However, she did not disclose what were those acts she had since found out. She' further testified as follows:

"And I felt like I deserved it, and we had the means to live in a more progressive place. And I would have lived with Dr. Harrell any place except Throckmorton. Throckmorton is the county seat of the county; they have several churches there, and a school, but not as good as at Olney. It seems like they haven't any conveniences like they ought to, and I felt like I couldn't conscientiously live there, and I felt like when you take the church out and take the means out where I can't help the poor and do something for them, my life is gone. There is a bank there. There was only 500 people there when we moved there. I didn't want to go there; I don't know why. Of course, it may be revealed to me yet, I don't know. My conscience told me I didn't want to go."

Plaintiff further testified that defendant requested her to move to Throckmorton with him, and that later she made visits to him there and remained several days on one occasion, but that she did so on account of her children.

Her mother was the only other witness besides herself. She testified that about ten years before the trial she heard defendant tell plaintiff she was a damned fool, and that defendant treated plaintiff in a nagging way generally.

The defendant introduced no testimony.

We think it clear that the court committed no reversible error in directing a verdict adverse to the plaintiff, since plaintiff's testimony, construed most favorably to her case, did not, as a matter of law, meet the full requirements of the statute, to the effect that the grounds for divorce must be established by full and satisfactory proof. Even if the case had gone to the jury and a verdict had been returned in plaintiff's favor, it would have been the duty of the court who heard the evidence to set the verdict aside.

Accordingly, the judgment of the trial court, refusing plaintiff's petition for divorce, is affirmed.