Elsie J. GORDON, Appellant,

v.

Earl E. GORDON, Appellee.

No. 10990.

Court of Civil Appeals of Texas.

Austin.

June 27, 1962.

Curtis, Duncan & Bragg, Killeen, for appellant.

Harris & Holbrook, Killeen, for appellee.

RICHARDS, Justice.

Earl E. Gordon, appellee, sued Elsie J. Gordon for divorce upon the statutory grounds set forth in Art. 4629(1), Vernon's Civil Statutes. After trial before the Court without a jury judgment was rendered granting the divorce in favor of appellee, dividing the community property and adjudging a recovery in favor of appellant against appellee for $350.00 as attorney's fees necessarily incurred by appellant in her defense. Having duly perfected her appeal to this Court from the adverse judgment of the Trial Court, appellant assigns as her sole point of error that the evidence was insufficient to sustain the judgment for divorce.

The only evidence considered by the Trial Court was the testimony of appellee and appellant, both of whom were witnesses in their own behalf. The parties had been married for approximately thirteen months prior to the date of the filing of appellee's petition. Appellee testified that he is an enlisted dental technician in the United States Army and shortly after their marriage in Pennsylvania, he was stationed at Fort Hood, Texas, where he was active in Little Theatre work conducted on the post. After he became stationed at Fort Hood he was joined by his wife who did not appear to be interested in the Little Theatre activities in which her husband was engaged in off-duty hours and did not participate with her husband in such activities either on the post at Fort Hood or when his friends and associates in these activities came to their home in Killeen during the evening. Before his wife came to Texas he was putting in almost every night in the Little Theatre activities but after she came to Fort Hood he cut his activities in Little Theatre work to two or three times a week; that his wife never asked him to stop that kind of work but she would have liked it if he had stopped it and stated that she did not like the amount of time he was having to spend at the Little Theatre; that she did not find any interest in the conversations with the military personnel of the Little Theatre group and that she did not try to develop any; that she never stated to appellee that she did not like his friends when he brought them to their house but she would be very quiet after they left and that he and his wife did not have anything in common so that they could get along together and that he did not love her and could never live with her again. After he filed suit for divorce, she left him and returned to her family in Pennsylvania.

Appellee also testified that appellant did not keep their house properly and that on many occasions appellant would not prepare meals on weekends and stated that she was not feeling well and although appellant was working as an operator in a Beauty Shop in Killeen, there were many occasions that she could have prepared meals but refused to do so.

Appellant testified that after she came to Killeen she worked in a beauty shop, her hours of work varying from 7 A.M. to 6 P.M. and sometimes later; that during the latter part of the month there would be occasions when she only worked a half day; that she prepared meals when she got home from work except when appellee wanted to go to the Little Theatre and then he would advise her that it was not necessary because he had to be there at a certain time; that in July appellee advised her that he did not love her any more and that he wished to get a divorce, at which time she left Killeen and returned to her former home in Erie, Pennsylvania.

After a careful examination of the record and the evidence adduced upon the trial, we have concluded that the evidence in this case is insufficient as a matter of law to show cruel treatment under Art. 4632, V.C.S. While it is within the province of the Trial Court to pass upon the credibility of the witnesses, it is the duty of this Court to pass upon the issue as to whether the evidence is full, clear and satisfactory. Moore v. Moore, 22 Tex. 237. Divorces should not be granted for trivial matters or disagreements. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 463.

Despite the weight to be given the finding of the Trial Judge in granting the decree of divorce, it is our opinion that the testimony of appellee when considered by itself falls far short of constituting the full, clear and satisfactory evidence of cruel treatment required by Art. 4632, V.C.S. Accordingly, the judgment of the Trial Court is reversed and judgment is here rendered setting aside the decree granting a divorce to appellee from appellant and dividing the community property between appellant and appellee, but affirming the Trial Court's judgment against appellee awarding appellant the sum of $350.00 as attorney's fees. All costs are assessed against appellee.

Reversed and rendered in part and in part affirmed.