SALLIE J. HARVEY ET AL. V. B. F. CARROLL ET AL.

No. 2580.

1. **Substitution of Lost Papers.**—An order supplying a lost bill of exceptions made at a term subsequent to that at which final judgment was rendered, and without notice to the adverse party or his attorney of the motion to supply the lost paper, is of no effect. Such substituted paper is not a part of the record in the case, and will not be considered on appeal.

2. **Land Certificate—Title by Limitation.**—Two years adverse possession of a land certificate will confer no title upon the possessor in the land located or which may thereafter be located under such certificate.

3. **Parol Gift by Minor.**—An unexecuted gift by a minor can not be enforced.

4. **Same.**—Testimony that a boy not exceeding thirteen years of age said to his

step-mother after his father's death that "he wanted her to have all that his father had in Texas," is incompetent to prove title in the mother to the son's interest in lands in Texas located under a certificate to which his parents were entitled.

ERROR from Navarro.   Tried below before Hon. L. D. Bradley.

The facts of the case appear in the opinion.   The defendants in error submitted with the record a motion to strike from the record a "substituted bill of exceptions," for the reason, apparent in the record, that neither the defendants nor their attorneys had notice of the motion in the court below to substitute the lost bill of exceptions. The assignments of error were sufficient, without the bill of exceptions, to require action upon the matters discussed in the opinion.

*James B. Goff,* for plaintiffs in error.

*Simkins & Neblett,* for defendants in error.

WALKER, ASSOCIATE JUSTICE.—The substituted bill of exceptions can not be considered.   It was supplied without notice to the adverse party or their attorney.

The third, fourth, fifth, and sixth assignments of error, however, can be entertained, and they require the court to pass upon the matters raised by them.

The facts out of which the litigation arises are here given.   In 1833 Edward Patterson and his wife, Nancy, were married in Alabama.   They lived there together until 1835, when Edward Patterson emigrated to Texas, reaching his destination December, 1835.   February 1, 1838, a certificate for a league and labor of land was issued to him as head of a family.   The same year, 1838, he returned to Alabama and remained there several months.   Patterson and his wife, Nancy, had one son, Wm. F. Patterson, who died unmarried in 1847.

On 30th September, 1840, Nancy Patterson intermarried with one McClosky in Alabama.   A few weeks later, in November, 1840, Ed. Patterson married Alethia Patterson at Houston, Texas.   No trace is given in the testimony of the land certificate after its issuance until long after both husband and wife had other marital relations than with each other. Divorce can probably be inferred from the second marriage of both parties and at so nearly the same time.

Edward Patterson died at Houston, Texas, October, 1841, leaving no child by the second marriage.

Nancy Patterson McClosky had a son, A. J. Jennings, born in 1825, by a former marriage.   She and McClosky left an only child, the plaintiff, Sallie J. Harvey, born November, 1848, and married to Harvey November 26, 1867.   Dying in 1853, Nancy McClosky left as heirs her son, A. J. Jennings, and her daughter, Sallie J. McClosky, the plaintiffs in

this suit.   By her son's death, in 1847, she had inherited his entire estate, he dying at about thirteen years of age.

Presuming that the separation of Edward and Nancy Patterson was lawful, and that a divorce was granted one or the other, we may also infer, in absence of testimony tending otherwise, that the headright certificate, their community property, remained unchanged—their property as tenants in common.

Upon the death of Edward Patterson in Texas in 1841, under the law then existing (Act of January 20, 1840, sec. 4) the half interest in the land certificate which he had at his second marriage passed one-half to his widow, Alethia, and. one-half to his son, Wm. F. Patterson.   The ownership of the certificate then was one-half in Nancy McClosky, one-fourth in his son, and one-fourth in his widow.   The widow, in 1849, married A. M. Brooks.   Upon the death of the son, in 1847, the mother's interest became three-fourths in the certificate.

We can not give to the testimony of Mrs. Brooks in this case the effect of passing title from the son, Wm. F., to her of his interest.   She testifies:   "I knew that Edward Patterson left a son; this son relinquished all his right to me, saying he wanted me to have all that his father had in Texas."   Patterson's son died at the age of about thirteen years.   The witness had never obtained the certificate until three or four years after the son's death.   There is nothing to show that the son knew his rights. An unexecuted gift by a minor can not be enforced.   Besides, in the deed to Barziza by herself and husband they covenanted that "she is the sole heir of the said Edward Patterson, deceased," as his widow.

The sale by Brooks and wife of the Edward Patterson land certificate to Barziza could only pass the interest owned by Mrs. Alethia Brooks. She was not the apparent owner of the certificate.

This court has repeatedly held that the adverse possession of an unlocated land certificate can not by limitation pass with such possession the title to the land located or to be located under it.   66 Texas, 407, Booker v. Swenson ; 68 Texas, 605, Harvey v. Cummings.   This last case involves the identical transaction here under consideration.

The court below erred in its conclusion of law finding that the title to the land was barred by the two years adverse possession of the certificate.

It also erred in the finding of fact that the testimony showed a transfer by the minor son of Edward Patterson to Mrs. Alethia Brooks—the testimony being insufficient.

The plaintiffs showed title to three-fourths interest in the certificate, and as consequence a like interest in the land.

The findings of fact by the court are not sufficiently definite to enable this court to render judgment here.   The definite parts held by those proving improvements are not shown.

It would seem that the entire Carroll purchase is perhaps barred by

limitation, but the court held otherwise, and the record does not affirmatively show the finding erroneous.

This writ of error is prosecuted after the expiration of two years from the rendition of the judgment and by Jennings as well as Mrs. Harvey joined by husband. ˙ Her rights are protected by her coverture, and the writ of error is not barred.

For the errors above noted the judgment below is reversed.

*Reversed and remanded.*

Opinion November 20, 1888.