BOWIE LUMBER COMPANY v. O. T. LYON.

No. 118.

**Agency—Authority of General Agent to Apply Payments.**—The plaintiff sued for balance due on lumber, and defendant answered that he purchased his lumber from a number of firms, including plaintiff, through one W., who was interested in and general agent of them all, and had paid for it to W., or under his direction. The court charged that a payment to W., "or to a firm of which he was a member," would be a payment to plaintiff. *Held*, error, in the absence of evidence of authority in W. to direct payment of money due plaintiff to a firm in which it was not interested, since the fact of his general agency for all the firms would not of itself authorize it.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*H. C. Hynson* and *Woods & Maxey*, for appellant.—The charge of the court was calculated to lead the jury to believe that a payment by Lyon to any of the firms of which Whittaker was a member was in law a payment to plaintiff, without regard to any connection between said firms.

*W. W. Wilkins* and *Head & Dillard*, for appellee.—The expression in the charge of the court, that "if defendant Lyon paid to said Whittaker, or a firm of which he was a member," etc., complained of by appellant, could only be read with reference to such firms as Whittaker had been connected with in these transactions in the manner set forth in the previous part of the paragraph, and when so read it certainly could not be contended that a payment to him under the circumstances set forth would not be a good payment.

STEPHENS, Associate Justice.—This suit was brought by appellant to recover a balance of $1439.85 due for lumber sold appellee. The defense set up was, that appellee had purchased from time to time, through one W. L. Whittaker, various bills of lumber from appellant, the Bowie Lumber Company, and the Jefferson Lumber Company, both corporations, and from the following firms: Whittaker & Rosborough, Whittaker, Galloway & Co., Whittaker & Galloway, and W. L. & B. Whittaker. He alleged that W. L. Whittaker was interested in and general agent and manager of all of the said concerns; that all of his dealings with said concerns, including appellant, had been through said Whittaker; and that in transacting the business the orders for lumber had been placed with the different concerns by Whittaker at his discretion, and that all payments for the lumber so purchased had been made to or through or under the direction of said Whittaker. There was much conflict in the evidence.

The seventh assignment of error complains of that part of the fifth paragraph of the court's charge wherein the jury were instructed, that a payment to W. L. Whittaker, or to a firm of which he was a member, would be a payment to appellant. In so far as this charge, under the circumstances therein stated, instructed the jury that a payment to Whittaker would be a payment to appellant, it is believed to be correct; but in charging the jury that a payment made to a firm of which Whittaker was a member would be a payment to appellant, we think it was erroneous and misleading. The fact, as set forth in that paragraph of the charge, that Whittaker was the general agent of the several firms and corporations in selling lumber and collecting the money, would not of itself authorize a payment of moneys due appellant to a firm of which Whittaker was a member, but in which appellant was not interested. It may be that the statement of facts does not fully present the case as tried below, and that as there presented the charge was not misleading, but we must pass

upon the record as we find it. If there was evidence showing that Whittaker had authority, real or apparent, to direct and did direct the payment of money due appellant to others, it has escaped our attention.

It is not believed that the other assignments of error would require a reversal of the judgment, and as they relate to matters which may not arise upon another trial, they will not be further considered.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered March 23, 1893.

Justice HEAD did not sit in this case.