## KITTY HAMMOND v. ROSE HAMMOND.

Decided May 23, 1906.

**1.—Parol Gift—Will.**

In support of a claim of parol gift to a putative wife, evidence that the husband on his death bed handed to her his deeds to the land, which was in their joint possession, saying, "the deeds are yours, and the land," was admissible, though coupled with the declaration, "after I die the land will be yours." It was a question for the jury whether this was intended as a present parol gift (valid) or an attempted parol will (invalid).

**2.—Limitation—Registered Deed.**

    In a controversy over land conveyed to the deceased husband and sought to be recovered by the legal from the putative wife, the latter, asserting a parol gift and limitation, could not avail herself of possession for five years under the registered deed to the husband, since the legal wife claimed under the same deed. Thompson v. Weisman, 98 Texas, 170, distinguished.

**3.—Divorce—Presumption.**

    If the jury were authorized to presume a divorce from the fact of separation and remarriage of the husband six years later with another who thereafter lived with him as his wife, such presumption was not one of law which the court could give in charge to the jury.

Appeal from the District Court of Kaufman County. Tried below before Hon. J. E. Dillard.

*Huffmaster & Huffmaster,* for appellant.—The court erred in refusing to allow defendant to prove that the deceased, Charles Hammond, in his lifetime made a parol gift of the land in controversy to the defendant, Kitty Hammond, and put her in possession thereof. Keith v. Keith, 13 Texas Ct. Rep., 126; Shepard v. Galveston, H. & H. R. R. Co., 2 Texas Civ. App., 539.

Every intendment of law is in favor of matrimony. The marriage of Kitty Hammond and Charles Hammond by regular license and under the form of law, having been proved, the law raises the presumption of its legality, not only casting the burden of proof upon the party objecting, but requiring him throughout and in every particular to make the fact appear that such marriage is invalid. Nixon v. Wichita, L. & C. Co., 84 Texas, 408; Lockhart v. White, 18 Texas, 109; Johnson v. Simmons, 50 Texas, 537.

Kitty Hammond, having in good faith married Charles Hammond, in due form of law, and never knowing that the divorce between him and Rose Hammond was ever questioned, until the service of process in this suit, nearly 10 years after Charles Hammond's death, is entitled to all the rights of a lawful wife, and being in possession of the land in controversy, can rely on the five years statute of limitation, claiming same under deeds standing in the name of her husband, Charles Hammond. Therefore the court should have submitted the question of limitation to the jury. Thompson v. Weisman, 98 Texas, 170; Fossett v. McMahan, 74 Texas, 548; McLavy v. Jones, 6 Texas Ct. Rep., 492.

*J. E. Bass* and *Thomas R. Bond,* for appellee.—The court did not err in ruling out the testimony of Dave White because it did not show either a parol gift or sale of the land to the appellant. And further, if in fact such contract as was attempted to be proved by this witness was made, it came within the statute of frauds and was an attempt to abrogate our statute of wills. Newcomb v. Cox, 66 S. W. Rep., 338; Sprague v. Haines, 68 Texas, 216.

To have instructed the jury that the law presumed that appellee and Charles Hammond had been divorced, and authorizing the jury to act on that presumption would have been a charge upon the weight of evidence. Stooksbury v. Swan, 85 Texas, 570.

KEY, ASSOCIATE JUSTICE.—This an action of trespass to try title, involving two tracts of land, one of 40 and the other of 17 acres. The trial resulted in a judgment for the plaintiff for the 40 acre tract, and for one-half of the 17 acre tract, and the defendant has appealed.

Both parties claim title under Charles Hammond, each claiming to be his surviving wife. The verdict of the jury finds that Charles Hammond married Rose, the plaintiff, in 1883; that she lived with him about three years when she abandoned him and lived in adultery with another man; that he brought suit against her for divorce; that the suit was dismissed and no divorce granted; that thereafter in 1892, he married the defendant Kitty, she acting in good faith and believing that he had obtained a divorce from Rose. In 1894, Charles died, leaving Kitty in possession of the land. The proof shows that he left no relatives except the two women, each of whom is now claiming his property as his surviving wife.

The defendant Kitty sought to establish a parol gift from Charles Hammond; and, after proving that he married her and put her in joint possession with himself of the land where she resided with him as his putative wife up to the time of his death, she offered to prove by her son Dave White that a few days before the death of Charles Hammond he requested Kitty to bring him a cigar box out of his trunk which she did, and he took therefrom his land deeds and said: "There are the deeds, the deeds are yours and the land. Settle my debts and no one can bother you." On cross-examination the witness said that when Charles Hammond delivered the deeds to Kitty, he said "After I die, the land will be yours; whenever I die the land becomes yours." Further, on redirect examination he reaffirmed his first statement.

This testimony was objected to and excluded upon the ground that it was insufficient to prove a parol gift, and was an attempt to prove a parol will. We hold that the testimony was admissible, and especially that it should not have been excluded upon the ground that it was insufficient to prove a parol gift. As a general rule, it is not the province of the court to pass upon the sufficiency of evidence to prove a particular issue. If testimony is offered which tends to prove such issue it is admissible, and its sufficiency or probative effect becomes a question for the jury to pass upon. If Charles Hammond placed Kitty in possession of the land, handed her the deeds thereto and said to her: "The deeds and the land are yours," such acts and words on his part tended to show a parol gift of the land. It may be true that he used other language in the same connection tending to show a parol will, which would not be valid; but, as the question is presented, we think appellant was entitled to have the evidence submitted to the jury, and let the jury decide whether or not it was the intention of Charles Hammond to make her a present gift of the property.

We do not think the testimony presents the question of limitation. The suit was brought in less than ten years after the death of Charles Hammond, which eliminates the plea of ten years limitation. The five years statute of limitation is not available, because there was no recorded deed upon which to base that plea. It is true that the deeds to Charles Hammond were recorded before his death, and it was shown that appellant claimed under those deeds; but so did appellee, and if the latter

has any title at all it ante-dates and is superior to appellant's right. In other words, both parties claim the land under the deeds to Charles Hammond, and if appellee has the older and superior right, appellant can not use the very deeds under which the appellee claims as a basis for the five years statute of limitation. In this respect this case is distinguishable from Thompson v. Weisman, 98 Texas, 170.

We overrule appellant's contention to the effect that the court should have instructed the jury that it was a presumption of law that Charles Hammond and his first wife, Rose, had been legally divorced. Whatever might be the right of a jury to indulge such presumption as a matter of fact, we can not sanction the contention that the presumption exists as a matter of law.

The question which is sought to be presented by the second proposition under the sixth assignment of error, is not germain to that assignment, and we pretermit any ruling upon that question. Nor do we express any opinion as to the merit of the case as developed by the testimony.

For the error indicated, the judgment is reversed ond the cause remanded.

*Reversed and remanded.*