TANTON v. TANTON.   (No. 909.)

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1919. Rehearing Denied March 6, 1919.)

1. MARRIAGE ⊂⇒40(6)—VALIDITY—PRESUMPTION.

That persons were married and for several years thereafter lived together is sufficient prima facie to raise a presumption of fact that the prior marriage relation of one of them with another had been dissolved.

2. DIVORCE ⊂⇒54 — CRUELTY — RECRIMINATION.

Accusations, recrimination, and conduct of wife towards husband must be considered as against her claim for divorce for cruelty.

3. DIVORCE ⊂⇒186—APPEAL—REVERSAL—INSUFFICIENT EVIDENCE.

There not being in the opinion of the appellate court the full and satisfactory evidence required by Rev. St. art. 4633, for divorce, it has the duty and authority to set aside the decree and reverse.

4. HUSBAND AND WIFE ⊂⇒47(3) — CONVEYANCE — CONSIDERATION — RESUMPTION OF MARITAL RELATIONS.

Resumption of marriage relation by wife after separation is not a valid consideration for deed from him to her.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Mary H. Tanton against Nathan W. Tanton, for divorce. Decree for plaintiff, and defendant appeals. Reversed and remanded.

M. W. Stanton, of El Paso, for appellant.
W. W. Bridgers, of El Paso, for appellee.

HIGGINS, J. Mary H. Tanton, appellee, sued her husband, Nathan W. Tanton, for a divorce, alleging that he had been guilty of excesses, cruel treatment, and outrages of such nature as to render their living together insupportable; and for partition of an undivided one-half interest in a tract of land which she claimed as her separate property. The undivided one-half interest in this land was conveyed to Mrs. Tanton by Mr. Tanton while they were husband and wife. There had been a previous separation of the parties, prior to the separation out of which the present divorce suit originated. Upon the previous separation a reconciliation had been effected, and the deed by Tanton to his wife was made and delivered at that time. Appellant vigorously contested the suit for divorce, and by cross-action sought to have the deed mentioned set aside and canceled.

Upon trial before a jury the case was submitted upon special issues, all of which were answered in Mrs. Tanton's favor. Judgment was rendered for a divorce with recovery and partition of an undivided one-half interest in said land. Partition of the community estate was also ordered.

We shall not attempt to follow the specifications of error as they are presented in the brief. Under the view of the case which we have, it is sufficient to indicate our holding upon the salient and controlling features of the case.

[1] 1. The record discloses that Mrs. Tanton, formerly Gavin, was married in Austin, Tex., on December 21, 1909, to one Charles Schaeffer. On November 17, 1910, she was

married to Mr. Tanton in El Paso, Tex. There was no direct evidence offered to show that she had been divorced from Schaeffer prior to her marriage to Tanton. On the trial, appellant requested the submission of instructions, which, in effect, were peremptory instructions to find against Mrs. Tanton upon her right to divorce. These charges were requested upon the theory that she had not shown a valid marriage to Mr. Tanton because at the date of her marriage she was not divorced from Schaeffer. Since the record discloses that Mr. and Mrs. Tanton were of full age on November 17, 1910, and upon that date a marriage ceremony between them was performed; that for several years thereafter they lived together as husband and wife, it would have been improper to have given a peremptory instruction based upon the assumption that the marriage relation between Mrs. Tanton and Schaeffer had not been dissolved at the time she married Tanton. In the absence of any direct evidence upon the subject, the facts stated were sufficient prima facie to raise a presumption of fact that prior to November 17, 1910, the marriage relation between Mrs. Tanton and Schaeffer had been dissolved. Nixon v. Wichita L. & Co., 84 Tex. 408, 19 S. W. 560; Cuneo v. De Cuneo, 24 Tex. Civ. App. 436, 59 S. W. 284; Kinney v. Telephone Co., 201 S. W. 1180; Wingo v. Rudder, 120 S. W. 1073; Harvey v. Carroll, 72 Tex. 63, 10 S. W. 334; Hammond v. Hammond, 43 Tex. Civ. App. 284, 94 S. W. 1067.

[2, 3] 2. Those assignments are sustained which complain of the sufficiency of the evidence to sustain the decree of divorce. To detail the incidents which resulted in the separation of the parties and institution of this suit would serve no useful purpose. Since its publication is not required to illustrate the principles upon which this holding is based, and in view of the fact that much of the evidence is of an indecent nature, we refrain from quoting it. It is sufficient to say that the evidence abundantly and conclusively shows such recrimination on the part of Mrs. Tanton as to require reversal of the judgment rendered in her favor. The undisputed testimony of her neighbors and friends who visited the home of the parties show accusations made by her against her husband and conduct on her part towards him which must be considered in determining her right to a divorce arising out of the matters complained of by her. The marriage relation is a sacred matter. It is not to be lightly assumed nor lightly dissolved. It imposes mutual obligations of kindness and forbearance to each other. The view of our courts upon this subject have been repeatedly stated. Among the many cases where recrimination has been held to bar suit for divorce, see Hale v. Hale, 47 Tex. 342, 26 Am. Rep. 294; Jones v.

Jones, 60 Tex. 451; Bohan v. Bohan, 56 S. W. 959. As to the duty and authority of this court to set aside the decree and reverse on the evidence, see article 4633, R. S.; De Fierros v. Fierros, 154 S. W. 1067; Moore v. Moore, 22 Tex. 240; Paulson v. Paulson, 21 S. W. 778; Dickinson v. Dickinson, 138 S. W. 205; Lohmuller v. Lohmuller, 135 S. W. 751; Grisham v. Grisham, 185 S. W. 959.

[4] 3. The present separation took place in 1917. There had been a previous separation and reconciliation. Appellant contends that his deed to Mrs. Tanton was invalid, and should be set aside because it was executed upon consideration of Mrs. Tanton resuming the marital relation. Our views upon the validity of a deed executed upon such consideration are stated in McKay v. McKay, 189 S. W. 520. Under the twenty-second and twenty-third assignments, appellant complains of the refusal to submit to the jury the issues of fact upon his contention in this respect. Upon retrial, if raised by the pleading and evidence, a properly framed charge upon this phase of the case should be given.

Reversed and remanded.