The judgments of the trial court and of the Court of Civil Appeals in favor of all parties as against C. W. McBride are affirmed.

The judgment of the Court of Civil Appeals in favor of Dallas Plumbing Company is reversed and the judgment of the trial court in favor of said Dallas Plumbing Company for $1,402.20, with interest at 6 per cent. from date of judgment, is affirmed.

The judgments of the trial court and the Court of Civil Appeals in favor of Mrs. C. H. Hawn and W. A. Hawn, doing business under the name of Hawn Lumber Company, as against the surety company, are reversed, and judgment is here rendered in favor of the surety company.

The judgments of the trial court and the Court of Civil Appeals in favor of Texas Clay Products Company against the surety company are affirmed.

The judgments of the trial court and the Court of Civil Appeals in so far as they affect the disposition of the retained fund of $5,701.08 are reversed and the cause in that regard is remanded with instruction to the trial court to make disposition of this fund in accordance with this opinion.

The judgment of the Court of Civil Appeals is in all other respects affirmed, except as to costs.

The judgment of the trial court in awarding costs in that court is affirmed.

The costs incurred in the Court of Civil Appeals should be paid one-third by the surety company, one-third by the Dallas Plumbing Company, and one-third by the Hawn Lumber Company. The costs in this court should be paid one-half by the Dallas Plumbing Company and one-half by Hawn Lumber Company.

Opinion adopted by the Supreme Court.

## BUTLER v. JENKINS OIL CORPORATION et al.

### No. 2013—6741.

Commission of Appeals of Texas, Section A.
Nov. 4, 1936.

Paul G. Brown and Smith & West, all of Henderson, for plaintiff in error.

Saner, Saner & Jack, Hamilton & Hamilton, and J. W. Madden, Jr., all of Dallas, Vinson, Elkins, Sweeton & Weems, of Houston, and R. L. Dillard, Jr., for defendants in error.

GERMAN, Commissioner.

In the district court the real question at issue in this case was the construction of an assignment held by plaintiff in error, R. G. Butler. On December 22, 1930, Butler owned an undivided ¼ interest in an oil and gas lease on 30 acres of land. He assigned this lease to Roy Jenkins and at the same time Jenkins executed to Butler the assignment in question, the pertinent portions of which are as follows:

"The undersigned Roy Jenkins, the present owner of said lease and·all rights there-

under incident thereto, does hereby bargain, sell, transfer, assign and convey all rights, titles and interest of the original lessee and present owner in and to said lease and rights thereunder, insofar as it covers a one-sixteenth overriding royalty out of the leaseholder's seven-eighths, said one-sixteenth overriding royalty to cover the oil, gas, and other minerals in and under all of the above described thirty acre tract of land, more or less, to be paid on such basis as long as each well upon said lease produces one hundred ninety barrels, or more per day, to be based upon an average of fifteen days.

"In the event said well or wells produce less than one hundred ninety barrels per day each to be based upon an average of fifteen days then said overriding royalty shall be one thirty-second interest, the above royalty interest to be computed on each well separately."

After the execution of this assignment producing wells were brought in on the lease, and the oil was delivered to Crown Central Petroleum Corporation. From September 21, 1931, to August 31, 1932, under orders of the commanding officer in charge of military affairs, and under proration orders of the Railroad Commission, said wells were not permitted to produce as much as 190 barrels of oil per day. This brought on a controversy as to whether Butler was entitled to a $\frac{1}{16}$ overriding royalty on the oil actually produced or only a $\frac{1}{32}$ royalty. Crown Central Petroleum Corporation paid to Butler a $\frac{1}{32}$ portion of the oil produced and held the other $\frac{1}{32}$, amounting to $1,983.80, as a stakeholder. This is the sum involved in this case. It was awarded to Jenkins Oil Company by the trial court.

The issue between the parties was whether Butler, in view of the fact that the wells were not permitted to produce as much as 190 barrels per day, was limited to only a $\frac{1}{32}$ royalty, or whether the contract contemplated that a $\frac{1}{16}$ royalty should be paid on production, or capacity for production, as if no proration or other orders limiting production were made.

In the trial court appellant filed elaborate pleadings for the purpose of showing by parol what the understanding of the parties was at the time the contract was executed. The trial court sustained demurrers to these pleadings, holding that the contract was plain and unambiguous, subject to a definite construction, and therefore parol proof was not admissible to vary its terms. The Court of Civil Appeals upheld this ruling, and also the further holding that the construction of the contract was to the effect that the royalty was to be paid on the basis of actual production rather than possible production, or capacity production, as if there had been no restraining orders. 68 S.W.(2d) 248.

In application for writ of error plaintiff in error made assignments only as to the action of the court in sustaining demurrers to his pleadings. He assigns no error complaining of the construction of the contract by the court. For the reasons stated in the opinion of the Court of Civil Appeals on motion for rehearing, we think it clear that there was no error in sustaining the demurrers to the pleadings.

While we are not required to pass upon the question of the construction of the contract, yet we state it as our opinion that the contract was entered into in contemplation of the right of the Railroad Commission, in the interest of conservation, to control the production of oil wells, and should be given the construction that the amount of royalty was to be determined by actual production in the orderly operation of the wells, and not on the basis of capacity for production.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.