**KINGWOOD OIL CO. et al. v. LOEHR et al.**

No. 13928.

United States Court of Appeals Fifth Circuit.

Dec. 8, 1952.

Rehearing Denied Feb. 6, 1953.

H. M. Muse, Wichita Falls, Tex., Wirt L. Harris, Oklahoma City, Okl., for appellants.

H. G. Woodruff, Decatur, Tex., H. J. Patterson and Cecil H. Cammack, Fort Worth, Tex., for appellees.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellee Ted E. Loehr, who was plaintiff below, executed to Kingwood Oil Company, one of the defendants below and an appellant here, a partial assignment of a mineral lease, reserving 1/16 of 7/8 of all oil produced while production was 100 barrels or

more daily, and $\frac{1}{32}$ of $\frac{7}{8}$ while production was less than 100 barrels daily.

A well was brought in on the land capable of producing in excess of 100 barrels per day, 30 days per calendar month, but the Railroad Commission of Texas limited production to 120 barrels per day for periods ranging from 15 to 23 days per calendar month. It is the custom of operators in the field where this lease is located to produce daily during the entire calendar month, but limiting their gross monthly production to the amount allowed by the Commission, determined by multiplying the daily allowance by the number of producing days allowed per month. This custom was followed on this particular lease. Except during two months, the full amount allowed by the Commission was produced, but production was extended over a period of 30 days instead of the number of days fixed by the Commission.

Plaintiff contends that his royalty should be computed upon the number of allowable days per month as fixed by the Railroad Commission, which would result in a production in excess of 100 barrels per day, thus entitling plaintiff to $\frac{1}{16}$ of $\frac{7}{8}$. The defendants Kingwood and Breuill, the latter owning a half interest in the lease by assignment from Kingwood, contend that actual production, not capacity to produce, is the controlling factor, and since production is actually carried on throughout the calendar month, and settlements are made with plaintiff on a monthly basis, production should be computed by dividing the total number of barrels produced in a given month by 30 days which would result in a production of less than 100 barrels per day, so that plaintiff would be entitled to only $\frac{1}{32}$ of $\frac{7}{8}$.

The trial judge held, as contended by plaintiff, that daily production should be determined by dividing the gross production per calendar month by the number of operating days per month allowed by the Commission.

We find this to be the correct method. The parties must be held to have contracted subject to the state's regulatory powers exercised through the Commission. Although for practical operating purposes defendants distribute production throughout the entire month, in contemplation of law these wells operate only for the number of days per calendar month fixed by the Commission, during which they are allowed to produce, and can produce, more than 100 barrels per day. Plaintiff is entitled to have his royalty determined on the basis of production fixed by the state regulatory body, rather than upon another basis adopted by defendants for their own purposes which, by extending the allowable production over 30 days instead of the number of days fixed by the Commission, has the mathematical effect of reducing production below 100 barrels per day. Butler v. Jenkins, 128 Tex. 356, 97 S.W.2d 466 (headnote 2), affirming Tex.Civ.App., 68 S.W.2d 248. See also Midas Oil Co. v. Whitaker Oil Co., Tex. Civ.App., 123 S.W.2d 495; Tarver v. Bracken, Tex.Civ.App., 134 S.W.2d 808.

Affirmed.