**HABY et al.**

v.

**STANOLIND OIL & GAS CO.**

**No. 476.**

United States District Court
N. D. Texas, San Angelo Division.
April 30, 1954.

Scott Snodgrass, J. Truett Smith, San Angelo, Tex., for plaintiffs.

Lon Sailers, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The Stanolind Oil & Gas Company secured a lease on certain lands in Reagan County, Texas, for exploration and production of oil under three different tracts. Under the terms of the lease, the drilling of one tract would protect the lease on the other two tracts.

The question presented in this case is whether an oil and gas lease, without a "force majeure" clause, that has its well shut in by a conservation order by the Railroad Commission of Texas, and which does not produce for a period of time after the expiration of the primary term of the lease terminate because of such cessation of production.

I think it must be conceded that such leases are entered into with the knowledge that their operation and production will be regulated and controlled by subsequent regulations by the Railroad Commission of Texas, and both parties are bound by such regulations and have their respective interests affected thereby.

While the defendant was producing oil from the first well which it drilled on the first tract within the time prescribed by the lease, the Railroad Commission of Texas entered a shut-down order on all of the Spraberry sand wells because of gas wastage. Such an order was declared illegal by the Supreme Court of Texas.

The court must take knowledge of the fact that the Railroad Commission of

Texas is the state regulatory body over the operation and production of the oil and gas industry in Texas, and is charged with the duty of preventing waste in such operations. Title 102, Rev.Civ.Statutes of Texas, Vernon's Ann.Civ.Stat.Art. 6004 et seq.

 The well on the first tract having come in a producer within the time prescribed continued to produce from September, 1951 to April 1, 1953, at which time the defendant shut in the well pursuant to the order of the Railroad Commission. This order was effective on April 1, 1953. This order of March 25, 1953 was held to be void by the Supreme Court of Texas on June 10, 1953, in Railroad Commission of Texas v. Rowan Oil Company, 259 S.W.2d 173. Even though the Supreme Court had so decided the Commission had fixed the allowable of the well at zero, and, therefore, the well was still shut in.

Subsequent orders of the Commission of July 1st, and July 15th, provided that a well could produce only if the casing head gas was put to a legal use and then described four such uses. The testimony in this case shows that the defendant could not put the casing head gas to any one of the four uses.

On January 1st, 1954, Stanolind resumed the production of the well and it has produced from that time up to the time of this trial.

A somewhat similar case by the Circuit Court of Appeals for the Fifth Circuit, is shown in Kingwood Oil Co. v. Loehr, 200 F.2d 551. Other helpful cases are: Magnolia Petroleum Company v. Stroud, Tex.Civ.App., 3 S.W.2d 462. That case suggests that the rights of the lessor and lessee must be measured by the same standard, and that is the standard prescribed by the Railroad Commission.

See also Butler v. Jenkins Oil Corp., 128 Tex. 356, 97 S.W.2d 466; Hardy v. Union Producing Co., 207 La. 137, 20 So.2d 734; Hood v. Southern Production Co., Inc., 206 La. 642, 19 So.2d 336; Superior Oil Co. v. Beery, 216 Miss. 664, 63 So.2d 115, 64 So.2d 357, 65 So.2d 455; Helmerich & Payne v. Roxana Petroleum Corp., 136 Kan. 254, 14 P.2d 663; Blevins v. Harris, 172 Okl. 90, 44 P.2d 112; Patterson v. Stanolind Oil & Gas Co., 182 Okl. 155, 77 P.2d 83, 84.

In the case of Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, 478, it was held that "all property is held subject to the valid exercise of the police power;" Smith v. Carter Oil Co., D.C., 104 F.Supp. 463.

Under the facts of the case at bar it not only seems just to both parties that each shall respond to the regulatory orders of the state-constituted authorities, but should, likewise, go forward with their respective contracts and agreements with each other, and judgment should, accordingly, go for the defendant.